UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YERITZA SOSA<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER SEAN HIGGINS (Shield #001585), NEW YORK CITY POLICE OFFICER JENNIFER NICALEK (TAX ID #945735)<br>                    Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Yeritza Sosa by her attorney, Geoffrey Stewart, complaining of the Defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988, for the wrongful acts of Defendants CITY OF NEW YORK, POLICE OFFICER SEAN HIGGINGS (Shield #001585), POLICE OFFICER JENNIFER NICALEK (TAX ID #945735) , as Officers of the New York City Police Department acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights under the Constitutions and laws of the United States and of the State of New York.

**JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiffs' claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiffs' federal claims herein.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), this being the District in which a substantial part of events or omissions giving rise to the claim occured.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff YERITZA SOSA is a Hispanic female and was at all relevant times a resident of the borough of Bronx in the City and State of New York.

7. MARIA ABREU is a Hispanic female, is Plaintiff's mother and was at all relevant times a resident of the borough of Bronx in the City and State of New York.

8. Defendant CITY OF NEW YORK ("CITY") is and was at all relevant times a municipality of the State of New York. Defendant CITY operates, manages, directs and controls the New York City Police Department ("NYPD"), and other municipal agencies and departments that are responsible for carrying out law enforcement activities under color of state law.

9. Defendants SEAN HIGGINS (Shield #001585), and POLICE OFFICER JENNIFER NICALEK (TAX ID #945735) are and were at all relevant times police officers, supervisors, and/or policymakers employed by Defendant CITY with the NYPD and/or other CITY

agencies and acting under color of state law.

10. At all times relevant hereto and in all their actions alleged herein, Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY OF NEW YORK and its agencies and departments, including the NYPD and pursuant to their authority as employees, servants and agents of the NYPD, and/or other agencies, and within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and law enforcement officers.

11. Defendant CITY OF NEW YORK was responsible for the hiring, training, supervision, discipline, retention and promotion of officers, supervisors, and employees within its agencies, including the NYPD, and/or other agencies which employed the Defendants herein.

## FACTS

12. On the evening of March 11, 2015 at or about 6:08 pm, MARIA ABREU was operating a Black Toyota Camry and pulled into the parking lot at 831 Rosedale Avenue, Bronx, New York.

13. At that time and place, the vehicle operated by MARIA ABREU's was struck by an SUV from behind while she was in the act of parking.

14. Immediately thereafter, the SUV driver exits his vechile, checks his bumper and drives off, leaving the scene, without providing any required information. MARIA ABREU follows on foot behind the fleeing vehicle and obtains the plate number.

15. At the time of the vehicle collision in the Bronx, Plaintiff YERITZA SOSA, the daughter of MARIA ABREU, and registered owner of the black Toyota Camry, is at a medical appointment at Amsterdam Medical Practice 2360 Amsterdam Avenue New York, New York 10033.

16. MARIA ABREU called 911 to report the hit and run shortly after the incident.

17. MARIA ABREU called Plaintiff YERITZA SOSA to notify her of the accident and to request her presence to assist in translating as MARIA ABREU speaks only spanish. Plaintiff YERITZA SOSA traveled by taxi from Upper Manhattan to the scene at 831 Rosedale Avenue, Bronx, New York.

18. Plaintiff YERITZA SOSA boarded a taxi cab in New York County at 6:43 pm. She arrived at 810 Rosedale Avenue, Bronx County at 7:01 pm.

19. The defendants NYPD POLICE OFFICER SEAN HIGGINS and NYPD POLICE OFFICER JENNIFER NICALEK (TAX ID #945735) arrive at 831 Rosedale Avenue at approximately 6:56pm where they find the driver, MARIA ABREU, in the black Camry alone. MARIA ABREU attempts to communicate with the Defendant Officers without success due to a language barrier.

20. At approximately 7:05pm, Plaintiff YERITZA SOSA arrives in a taxi at 831 Rosedale Avenue to assist her predominantly spanish speaing mother MARIA ABREU.

21. At or around 7:07pm, the Defendant Officers collect identification from both, MARIA ABREU and YERITZA SOSA. Plaintiff YERITZA SOSA attempts to translate for her mother MARIA ABREU to provide information about the hit and run accident.

22. At approximately 7:14 plaintiff YERITZA SOSA is approached by the Defendant Officers and is arrested.

23. At no time during the incident was Plaintiff YERITZA SOSA operating the black Toyota Camry, nor did her conduct in any way arise to provide any reason to believe she was committing had committed or was about to commit a crime.

24. Immediately following the arrest of the Plaintiff YERITZA SOSA, MARIA ABREU questioned the Defendant Officers as to why they were arresting her daughter.

25. At approximately 7:18 pm MARIA ABREU is approached by the Defendant Officers and arrested.

26. Shortly before both Plaintiffs are taken into custody, a crowd of onlookers form and begin to mock and jeer at the Plaintiffs encouraged by Defendant Officers.

27. At approximately 7:24 pm another NYPD vehicle arrives and transports MARIA ABREU from the scene to the 43rd precient.

28. By 7:30 pm, the Plaintiffs are both under arrest, both police cars have left the scene and the Plaintiff's car has been removed from the scene as well.

29. Plaintiff YERITZA SOSA was detained by the NYPD in the 43rd Precinct and held overnight in a cell. The next day she was transported in handcuffs to NYPD's Central Booking location and then to holding pens of the New York City Criminal Court until the afternoon of March 12, 2015 at approximately 4:00pm where she was brought before a Judge.

30. Plaintiff YERITZA SOSA was falsely accused of violating New York Vehicle and Traffic Law Section 511(1)(a) Aggravated Unlicensed Operation of a Motor Vehicle, a misdemeanor, and Section 509(1) Unlicensed Driving, a violation. These charges were based upon the false allegations of Police Officer Sean Higgins who swore out a complaint falsely alleging that Plaintiff YERITZA SOSA stated that she had been driving during the accident in the parking lot.

31. Plaintiff YERITZA SOSA was released on her own recognizance and returned to court on 4 occasions until June 19, 2015 the charges were dismissed on the motion of the prosecution after reviewing a video of the occurrances in the parking lot on March 11, 2015.

32. Plaintiff YERITZA SOSA filed a timely Notice of Claim with the Comptroller of the City of New York and is in compliance with Section 50-H of the New York General Municipal Law.

**FIRST CLAIM FOR RELIEF:**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTS</u>**

33. Plaintiff repeat and re-allege each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of Defendant Officers, their agents, servants and employees were carried out under color of state law.

35. All of the aforementioned acts by Defendant Officers deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, said violations being actionable under 42 U.S.C. § 1983.

36. The acts complained of were carried out by the aforementioned individual Defendant Officers in their capacities as police officers, with the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual Defendant Officers in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures and rules of Defendant CITY OF NEW YORK and its NYPD, all under the supervision of ranking officers of said department.

38. Defendant Officers, collectively and individually, while acting under color of state law, violated Plaintiffs' civil rights; these violations were driven and motivated by, reflective of, and carried out pursuant to a custom, usage, practice, procedure or rule of Defendant NEW YORK CITY, which is forbidden by the Constitution of the United States.

39. By these actions, these Defendant Officers have deprived Plaintiffs of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

**SECOND CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

40. Plaintiff repeat and re-alleges each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

41. As a result of Defendant Officers' aforementioned conduct, Plaintiff was subject to an illegal, improper and false arrest by Defendant Officers and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendant Officers in criminal proceedings, without any probable cause, privilege or consent.

42. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was at all times aware of her confinement. Plaintiff was put in fear for her safety and subjected to handcuffing and other physical restraints, without probable cause.

43. As a result of their false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before the public and her peers.

**THIRD CLAIM FOR RELIEF:**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs above with the same force and effect as it fully set forth herein.

45. Defendant Officers issued legal process to place Plaintiff YERITZA SOSA under arrest.

46. Defendant Officers arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

47. Defendant Officers acted with intent to do harm to Plaintiff without excuse or justification.

48. Defendants' unlawful actions were done willfully, kowingly, with malice and with the specific intent to deprive Plaintiff of her constitutional rights. The prosecution by defendants of Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in the Plaintiff's favor.

## FOURTH CLAIM FOR RELIEF: <br> DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL

49. Plaintiff repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

50. Defendant Officers' created false evidence against Plaintiff by claiming that Plaintiff admitted to operating a motor vehicle.

51. Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

52. In creating false evidence and forwarding false information to prosecutors the Defendant-officers violated Plaintiff's constitutional right to a fair trial under the Due process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

53. Plaintiff suffered and continues to suffer emotional distress, and was otherwise injured, as a result of Defendant Officers' conduct.

## SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

54. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

55. Defendant Officers searched, seized and prosecuted Plaintiff despite a complete lack of legal cause against her, notwithstanding their knowledge that such actions would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

56. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers and officials, with the entire actual and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant CITY and its agencies, including the NYPD, all under the supervision of ranking officers of said department.

58. The aforementioned customs, policies, usages, practices, procedures of Defendant CITY include discriminating against and detaining minority people without reasonable suspicion or arresting without requisite probable cause as to each individual and without evidence of each individual's criminal activity and conducting searches without individual particularized suspicion or other legal justification.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

60. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

61. Defendant CITY, as municipal policymaker in the training and supervision of Defendants POLICE OFFICER SEAN HIGGINS (Shield #001585), NEW YORK CITY POLICE OFFICER JENNIFER NICALEK (TAX ID #945735), individually and in their official capacities, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983 and the Constitution and laws of the State of New York.

62. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY constituted a deliberate indifference to Plaintiff's constitutional rights.

63. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of Defendant CITY were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

65. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. Not to be deprived of property without due process of law;

    c. To be free from search, seizure, arrest and imprisonment not based upon reasonable suspicion and probable cause;

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demand judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of SEVEN HUNDRED and FIFTY THOUSAND ($750,000.00) DOLLARS.

2. Punitive damages in the amount of SEVEN HUNDRED and FIFTY THOUSAND ($750,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.


DATED:    New York, New York
               June 8, 2018

                                        Respectfully submitted,

                                        *Geoffrey S. Stewart*

                                        Geoffrey St. Andrew Stewart
                                        *Attorney for Plaintiff*

                                        139 Fulton Street, Suite 508
                                        New York, New York  10038
                                        Telephone: (212) 625-9696